STUCKY, Judge
(concurring in the result):
I concur with the majority that an accused need not necessarily establish a defense by prima facie evidence to raise a substantial question regarding his guilty pleas; that Ap-pellee had an opportunity to avoid committing the offenses and, thus, did not raise a possible defense of duress; and that the United States Navy-Marine Corps Court of Criminal Appeals erred by holding that Ap-pellee had raised matters inconsistent with his plea of guilty. I am, however, unwilling to join the majority’s dictum that the threat *464 of suicide may give rise to a duress or necessity defense.
Duress is a special defense, long recognized in our jurisprudence, which may excuse criminal conduct when the actor’s participation in the offense was caused by a reasonable apprehension that he or another innocent party would immediately suffer death or serious bodily injury if he did not commit the offense. R.C.M. 916(h); Joshua Dressier, Understanding Criminal Law § 23.01[B], at 323 (4th ed. 2006); 2 Wayne R. LaFave, Substantive Criminal Law § 9.7(a), at 72 (2d ed. 2003). The parties argue over whether Appellee’s mother was an innocent party. The term “innocent party,” as used in the duress defense does not require a determination of whether the act threatened — in this case, suicide — was criminal but rather requires that the person who is threatened with death or severe bodily injury not be the person who is threatening the act. See Dressier, supra § 23.01[B] (“another person threatened to kill or grievously injure the actor or a third party”); 2 LaFave, supra § 9.7(a). Although a person threatening suicide may be innocent in some colloquial or moral sense of the word, that person is not innocent as that term has been interpreted in the duress defense situation. Therefore, as a matter of law, this case does not raise a duress defense.
Exemptions from the criminal law, such as affirmative or special defenses, should normally be left to the judgment of the legislature. See United States v. Oakland Cannbis Buyers’ Coop., 532 U.S. 483, 490-91, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001) (concerning the defense of necessity). Congress has not codified a military duress defense and, in light of the defense’s long and well-defined history, I am not in favor of amending the common law definition of “innocent” to shoehorn suicide within it. See Dixon v. United States, 548 U.S. 1, 12-14, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006) (assuming that, although the 1968 Safe Streets Act did not mention the duress defense, “federal crimes are solely creatures of statute,” and thus the Court is “required to effectuate the duress defense as Congress may have contemplated it in the context of these specific offenses” (citations and quotation marks omitted)). Nevertheless, any significant change to the understanding of the common law defense of duress should require legislative enactment. See id.
As a threat of suicide does not raise a duress defense under military law, I respectfully dissent from Part II.C. of the majority’s opinion but concur in the result.